**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SOLO INSURANCE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EVERQUOTE, INC., | ) | |
| | ) | |
| Serve: | ) | No. _____ |
| | ) | |
| Everquote, Inc. | ) | **JURY TRIAL DEMANDED** |
| c/o Registered Agent | ) | |
| The Corporation Trust Company | ) | |
| Corporation Trust Center | ) | |
| 1209 Orange Street | ) | |
| Wilmington, DE 19801 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR TRADEMARK
INFRINGEMENT, DAMAGES, AND OTHER RELIEF**

Plaintiff Solo Insurance Services, Inc. ("Plaintiff" or "Solo"), for its Complaint against

Defendant EverQuote, Inc., ("Defendant" or "EverQuote"), states as follows:

**Preliminary Statement**

1. This action arises from Defendant's repeated, willful, and improper trademark

infringement and unfair competition in relation to trademarks that Defendant knows are owned

by Plaintiff, but which Defendant nevertheless wrongfully used in US commerce.

2. For more than 35 years, Plaintiff offers and has offered a wide variety of

insurance agency and brokerage services in interstate commerce in the United States.

3. Plaintiff is the owner of two incontestable US federal trademark registrations for

marks that are in use by Plaintiff, with Reg. No. 5180976 for the word mark SOLO

INSURANCE® (the "Solo Word Mark" in the "Solo Word Mark Registration"), and Reg. No. 3048296 for the logo mark SOLO INSURANCE & Design® (the "Solo Logo Mark" in the "Solo Logo Mark Registration") (the Solo Word Mark and the Solo Logo Mark, collectively, the "Solo Trademarks"; and the Solo Word Mark Registration and the Solo Logo Mark Registration, collectively, the "Solo Trademark Registrations").  (True and correct copies of certificates of registration for the Solo Trademark Registrations are attached hereto as **Exhibit A**.)

4.      Over the past 35 years, Plaintiff has invested significant effort and resources in advertising and promoting the Solo Trademarks, establishing widespread goodwill, and making extensive use of the Solo Trademarks in US commerce in connection with the provision of insurance agency and brokerage services.

5.      Additionally, Plaintiff operates an Internet website found at www.soloinsurance.com, on which the Solo Trademarks are used in connection with the provision of insurance agency and brokerage services.

6.      Despite being aware of Plaintiff's rights in the Solo Trademarks, Defendant nevertheless repeatedly placed sponsored advertisements in Google search that explicitly featured the Solo Word Mark, in order to mislead persons searching for Solo Insurance to sites featuring Plaintiff's competitors instead ("Infringing Advertisements").

7.      Even after receiving Plaintiff's demands that Defendant cease this infringing use of the Solo Trademarks, Defendant again placed the Infringing Advertisements on Google search several months later.

8.      Plaintiff therefore moves this Court for relief related to Defendant's willful and improper use of the name and designation "Solo Insurance," including Defendant's willful infringements of Plaintiff's trademark rights in the Solo Trademarks.

9.      Plaintiff brings this action against Defendant for infringement of its Solo Trademarks and Solo Trademark Registrations; unfair competition arising under the Lanham Act, Title 15 of the United States Code, Sections 1114(1)(a), 1116, 1117, 1118, 1125(a); and unfair competition at common law.

**Parties**

10.     Plaintiff is a Missouri corporation, having its principal place of business at 1014 Evergreen Creek Court, Saint Charles, Missouri 63304.

11.     Upon information and belief, Defendant EverQuote, Inc., is a Delaware corporation, having a place of business at 201 Broadway, Suite 302, Cambridge, Massachusetts.

**Jurisdiction and Venue**

12.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 105(a), 1331, 1338(a), and 1367.

13.     Defendant is subject to the personal jurisdiction of this Court under Fed. R. Civ. P. 4 and Mo. Rev. Stat. § 506.500 in that, as further alleged below, Defendant transacts business in the State of Missouri and has committed tortious acts within the State of Missouri.  The causes of alleged action herein arise out of Defendant's contacts with the State of Missouri.

14.     Defendants maintain an Internet website which can be accessed and interacted with by Missouri residents.

15.     Defendant further maintains an Internet website at the URL of https://www.everquote.com/auto-insurance/cheap-car-insurance-missouri/ which specifically targets Missouri residents and offers "Cheap Car Insurance in Missouri: Compare Rates & Providers".  (A true and correct screenshot of this website is attached hereto as **Exhibit B**.)

16.     Defendant has knowingly infringed upon service marks owned and registered by a company (Plaintiff) who has a principal place of business in the State of Missouri.

3

17.    Venue is proper in this federal judicial district under 28 U.S.C. § 1391(b) and (c), in that Plaintiff has a principal place of business in this District, and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

**Facts**

**I.    Plaintiff's Solo Trademarks**

**A.    Solo Word Mark and Solo Word Mark Registration**

18.    The Solo Word Mark covers insurance agency and brokerage services.  Ex. A.

19.    Plaintiff first used the Solo Word Mark in United States commerce in connection with insurance agency and brokerage services no later than December 1990, and Plaintiff registered the Solo Word Mark with the United States Patent and Trademark Office (the "USPTO") in connection with insurance agency and brokerage services on April 11, 2017.  Ex. A.

20.    Since at least as early as December 1990, Plaintiff has made continuous and extensive use of the Solo Word Mark in interstate commerce in the United States to market and promote insurance agency and brokerage services.

**B.    Solo Logo Mark and Solo Logo Mark Registration**

21.    The Solo Logo Mark consists of a stylized version of the mark SOLO INSURANCE, and covers insurance agency and brokerage services.  Ex. A.

22.    Plaintiff first used the Solo Logo Mark in United States commerce in connection with insurance agency and brokerage services no later than 1990, and Plaintiff registered the Solo Logo Mark with the USPTO in connection with insurance agency and brokerage services on January 24, 2006.  Ex. A.

23.     Since at least as early as 1990, Plaintiff has made continuous and extensive use of the Solo Logo Mark in interstate commerce in the United States to market and promote insurance agency and brokerage services.

**II.     Plaintiff's Promotion of Solo Trademarks**

24.     Plaintiff owns and operates an Internet website accessible through the domain names www.soloinsurance.net (registered by Solo on or about June 8, 2006), which offers for sale and promote Solo's services (the "Solo Website").  (A true and correct screenshot of the Solo Website is attached hereto as **Exhibit C**.)

25.     The Solo Website contains, among other information, detailed descriptions of Plaintiff's services, which include but are not limited to insurance agency and brokerage services.  The Solo Website also provides potential customers with information so that such persons can thoroughly evaluate Plaintiff's services and request same.

26.     Plaintiff markets its services and promotes its brands and the Solo Trademarks in interstate commerce in the United States.  Specifically, among other things, Plaintiff prominently displays Solo Trademarks on the Solo Website (see Ex. A) and in frequent posts on Google, and Plaintiff appears in Google search results for the search term "solo insurance".  (A true and correct screenshot of example Google search results, showing Plaintiff in such search results and showing Plaintiff's posts on Google, is attached hereto as **Exhibit D**.)

27.     Plaintiff has expended substantial time, money, and resources building and maintaining the substantial goodwill associated with the Solo Trademarks and the Solo Website, which are valuable assets and important to Plaintiff's business.

**III.    Defendant's Infringing and Misleading Activities in June 2025**

28.    Defendant has used the term "Solo Insurance" in connection with the promotion and offering of services identical and/or substantially similar and in competition with services offered by Plaintiff.

29.    Upon information and belief, in or about June 2025, Defendant paid Google to post a sponsored advertisement in response to the Google search query "solo insurance", which returned as the first search result a sponsored advertisement with the clear heading "Solo Insurance?" (the "Infringing Advertisement").

30.    When the Infringing Advertisement was clicked by the user, it directed the user to a website at https://usautoinsurancenow.com (the "Infringing Website").

31.    The Infringing Website features a site with "auto insurance quotes online," showing many of Plaintiff's competitors who likewise provide insurance agency and brokerage services, and inviting users to, for example, enter their zip code to "drop your rate in Saint Peters [Missouri] today!"

32.    The Infringing Website shows "Copyright © EverQuote, Inc." (A true and correct screenshot of an example of the Infringing Advertisement and the Infringing Website is attached hereto as **Exhibit E**.)

**IV.    Plaintiff's June 2025 Cease and Desist Letter**

33.    On or around June 24, 2025, Plaintiff's counsel sent a cease and desist letter to Defendant, demanding that the SOLO INSURANCE mark and any similar trademarks be immediately removed from Defendant's web site, metatags, and keywords used in search engine optimization.  (A true and correct copy of this letter is attached hereto as **Exhibit F**.)

34.    Upon information and belief, in response to receiving this cease and desist letter, Defendant removed the Infringing Advertisement.

**V.    Defendant's Infringing and Misleading Activities in December 2025 and Plaintiff's December 2025 Cease and Desist Letter**

35.    On or around December 30, 2025, Plaintiff found that the Infringing Advertisement was again posted as a sponsored advertisement in Google search results for the search term "solo insurance", and was again directing users to the Infringing Website.  (A true and correct screenshot of an example of the Infringing Advertisement as shown in December 2025 is attached hereto as **Exhibit G**.).

36.    On or around December 31, 2025, Plaintiff's counsel sent Defendant a second cease and desist letter, referencing Plaintiff's prior cease and desist letter, and again demanding that the SOLO INSURANCE mark and any similar trademarks be immediately removed from Defendant's web site, metatags, and keywords used in search engine optimization.  (A true and correct copy of this letter is attached hereto as **Exhibit H**.)

37.    Upon information and belief, in response to receiving this second cease and desist letter, Defendant again removed the Infringing Advertisement.

**VI.    Defendant's Activities are Infringing and Misleading**

38.    Through its Infringing Advertisement and Infringing Website, Defendant promotes and offers, and/or has promoted and offered, insurance agency and brokerage services under the Solo Trademarks, which services are identical or substantially similar to the services that Plaintiff has offered, and continues to offer, under the Solo Trademarks.

39.    Upon information and belief, Defendant targets identical or substantially similar markets and customers as those targeted by Plaintiff.

40.    There is significant overlap in the target markets and audience for the services of Plaintiff and Defendant.  Both Plaintiff and Defendant target persons searching for insurance agency and brokerage services.

7

41.     Defendant improperly used the Solo Word Mark with actual or constructive knowledge of Plaintiff's registered trademark rights and common law rights in its Solo Trademarks.

42.     Upon information and belief, Defendant willfully placed the Infringing Advertisement with the intent to harm Plaintiff and to profit off of its diversion of consumers and potential consumers seeking Plaintiff's online website to Plaintiff's competitors, thus harming the goodwill symbolized by the Solo Trademarks, and creating a likelihood of confusion as to the source of services offered therein or as to the source, sponsorship or affiliation of the websites, companies, and services connected therewith.

43.     Upon information and belief, in choosing to use the Solo Word Mark as the title of the Infringing Advertisement, Defendant attempted to benefit from the reputation and goodwill that Plaintiff has built in the insurance agency and brokerage services market in connection with the Solo Trademarks.

44.     By reason of the Defendant's acts, Plaintiff has been seriously damaged.

**Count I**
**Infringement of Plaintiff's Solo Trademarks**
**in Violation of § 32(1) of the Lanham Act, 15 U.S.C. §1114(1)**

45.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

46.     Defendant's use of the Solo Word Mark in the conduct of its business has caused confusion, and is likely to continue to cause confusion, as to the source or origin of Plaintiff's services under the federally registered Solo Trademarks.

47.     By reason of Defendant's acts set forth above, Plaintiff has been seriously injured. Defendant's use in commerce of the Solo Word Mark to promote and market identical and/or substantially similar insurance agency and brokerage services to those of Plaintiff constitutes

8

infringement of the Solo Trademarks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48.     Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained and will sustain, in addition to all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above, in an amount not yet determined, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117; and with such monetary award trebled.

**Count II**
**Unfair Competition under Section 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

49.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

50.     The Defendant's use of the Solo Word Mark in the conduct of its business is calculated to, has caused, and is likely to continue to cause confusion and deception.

51.     The public and the trade is likely to believe that the services offered by Defendant are licensed, sponsored, authorized, approved, or in some other way associated or connected with Plaintiff's business conducted under Solo Trademarks.

52.     Defendant has deliberately and willfully attempted to mislead the public and the trade into believing that Defendant's services are sponsored, authorized, or approved by or are in some other way associated with Plaintiff.

53.     Defendant, by reason of its acts set forth above, has made and will continue to make profits to which it is not in equity or in good conscience entitled.

54.     The Defendant's acts set forth above constitute a false association and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Plaintiff is entitled to recover from Defendant all damages that it has sustained and will sustain, and all gains, profits and advantage obtained by Defendant as a result of their

9

infringing acts alleged above, in an amount not yet determined; and with such monetary award trebled.

**Count III**
**Common Law Unfair Competition**

56.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

57.     Upon information and belief, Defendant's unlawful activities were intended to capitalize on the goodwill and reputation of Plaintiff, which Plaintiff has expended substantial time, resources and effort to acquire.

58.     Defendant's unlawful activities undermine, dilute and otherwise prejudice and tarnish Plaintiff's reputation by exploiting, without authorization, the goodwill associated with the Solo Trademarks, on which Plaintiff has expended substantial time, resources and effort.

59.     Defendant's conduct constitutes unfair competition under the common law of the State of Missouri.

60.     By reason of the Defendant's intentional and willful infringement of Plaintiff's trademark rights, Plaintiff has been egregiously harmed.

61.     Plaintiff is entitled to recover from Defendant all damages that it has sustained and will sustain, and all gains, profits and advantage obtained by Defendant as a result of its acts alleged above, in an amount not yet determined.

**Relief Sought**

WHEREFORE, Plaintiff prays for an order and judgment against Defendant:

A.     Providing that Defendant account to Plaintiff for all profits derived from the Defendant's wrongful, knowing, and willful acts and infringement as set forth herein, and order such profits to be paid to Plaintiff, and award damages and costs sustained by Plaintiff, with

10

appropriate interest, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, with such monetary award trebled;

B.     Awarding to Plaintiff its reasonable attorneys' fees and such other compensatory damages as this Court may determine to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

C.     Awarding to Plaintiff three times the amount of the Defendant's profits or Plaintiff's damages, whichever is greater, for knowing and willful infringement pursuant to 15 U.S.C. § 1117(b); and

D.     Granting such other and further relief as this court deems proper and necessary.

Dated: April 21, 2026                    Respectfully submitted,

By: _____

Jonathan R. Shulan 65426(MO)
Benjamin P. Harbuck 64486(MO)
DENTONS US LLP
101 South Hanley Road, Suite 600
St. Louis, MO 63105
314-259-5895 - Telephone
314-259-5959 - Facsimile
jonathan.shulan@dentons.com
benjamin.harbuck@dentons.com

**ATTORNEYS FOR PLAINTIFF**
**SOLO INSURANCE SERVICES, INC.**